05-CV-01045-AF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRCOM DE MEXICO, S.A. DE C.V., a Mexican corporation,<br><br>Plaintiff,<br><br>v.<br><br>AT&T WIRELESS SERVICES, INC. (n/k/a NEW CINGULAR WIRELESS SERVICES, INC.),<br><br>Defendant. | Case No.: CV05-1045 JLR<br>STIPULATED PROTECTIVE ORDER<br><br>Clerk's Action Required |

Plaintiff Claircom de Mexico S.A. de C.V. ("Plaintiff") and Defendant AT&T Wireless Services, Inc., n/k/a New Cingular Wireless Services, Inc. ("Defendant"), having stipulated and agreed, and good cause having been shown, it is hereby ordered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following provisions shall govern the handling of confidential and proprietary information and documents produced in the above captioned action ("Action"):

1. "Confidential Information" shall mean any information, documents, or testimony that are furnished in the course of this Action that the producing party designates as "Confidential" under the terms of this Protective Order.

STIPULATED PROTECTIVE ORDER - CV05-1045 JLR
34001-429\215785.DOC      -1-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

2. Any party may designate as "Confidential" as part of discovery in this Action any confidential and proprietary information or document produced. Material that may be designated "Confidential" includes without limitation business information, such as costs, pricing, product, service, or customer relations data and sensitive customer and personal information.

3. "Confidential Information" may not be used or disclosed to anyone except as provided in this Protective Order and shall be used only for purposes of adjudicating the claims and issues between the parties that have been or may be raised in this Action. "Confidential Information" shall not be used for any other purpose, including any competitive, business or personal use.

4. "Confidential Information" may be made available only to the following persons:

   a. Individual attorneys and/or attorneys, attornmeys' staff, and paralegals employed by a firm that have been counsel for either party in this Action on matters relating to the contract at issue in this Action, or a firm that is counsel of record for either party in this Action;

   b. Former employees of Claircom de Mexico S.A. de C.V., the "Mexican Shareholders" of Claircom de Mexico S.A. de C.V. as defined by the contract at issue in this Action, Claircom Communications Group, Inc., AT&T Wireless Services, Inc., and New Cingular Wireless Services, Inc.;

   c. Current Employees of Cingular Wireless, LLC and Claircom de Mexico S.A. de C.V. responsible for this Action;

   d. Current Employees of the "Mexican Shareholders" as that term is defined in the Joint Venture Operating Agreement, dated July 14, 1995;

   e. Judges, magistrate judges, law clerks and other personnel of this Court ("the Court");

   f. Independent experts, not employed by any party, who have been retained by a party to give expert testimony or otherwise assist in the preparation of the Action for trial;

STIPULATED PROTECTIVE ORDER - CV05-1045 JLR
34001-429\215785.DOC
-2-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

  g.  Court reporters or stenographers engaged to record deposition testimony, and their employees;

  h.  Potential witnesses at or in preparation for deposition or trial;

  i.  Such other persons as hereafter may be authorized by the Court upon motion of either party or upon stipulation of both parties;

  j.  Employees of an independent commercial service providing copying, coding, digitizing and/or trial support services at the direction of either party's attorney(s); and

  k.  The Mexican SCT.

5.  Unless they are adverse witnesses at trial or during deposition, each person falling within categories b, f, h, or i of paragraph 4, prior to being given access to "Confidential Information," shall be provided with a copy of this Protective Order for review, and shall sign a "Disclosure Agreement" as follows:

### DISCLOSURE AGREEMENT

I, _____, understand that information and/or documents that are to be disclosed to me by counsel of record for _____ (name of party), are "Confidential" and may be used by me solely to assist in the matter of *Claircom de Mexico v. AT&T Wireless Services, Inc (n/k/a New Cingular Wireless Services, Inc.)*, Federal District Court, Western District of Washington, cause number CV05-1045 JLR. I acknowledge that I have received a copy of the Protective Order entered in this case, that I have read it, and that I agree to be bound by its terms. I understand that the Protective Order prohibits me from using such information or documents for any other purpose and from disclosing such documents and information to any other person. I further agree to be subject to the jurisdiction of the Federal District Court, Western District of Washington, for purposes of enforcement of the Protective Order and my obligations under this Agreement.

_____
Signed by Recipient

Dated: _____

STIPULATED PROTECTIVE ORDER - CV05-1045 JLR
34001-429\215785.DOC
-3-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

A copy of this "Disclosure Agreement" bearing such person's signature must then be provided to counsel for the party retaining such experts or consultants before disclosure.

6. Information set forth in a response to an interrogatory may be designated as "Confidential" by including the words "Confidential" in the response or a portion thereof.

7. Information contained in a document or a part thereof may be designated as "Confidential" by marking the words "Confidential" on all copies of it produced in discovery. Those documents that already have been produced but not labeled "Confidential" as of the date this Protective Order may still be designated Confidential pursuant to this Protective Order by: (a) the producing party designating them as such on a Confidentiality log, and (b) the producing party exchanging the Confidentiality log with the non-producing party within fourteen (14) days after the entry of this Protective Order.

8. Information contained in deposition testimony may be designated as "Confidential" by the witness or his or her counsel stating on the record that certain testimony is to be treated as "Confidential."

9. All "Confidential Information" that is filed with the Court and any pleadings, motions, or other papers filed with the Court disclosing any information or material designated as "Confidential" shall be filed and kept under seal until further order of the Court.

10. The fact that "Confidential Information" produced pursuant to this Protective Order has been or will be utilized at depositions in the Action, in papers filed with the Court in the Action, at trial in the Action, or upon appeal or at any other proceeding in the name case, before such Court, shall not, in any way, release any person bound by this Protective Order from their obligations under the Protective Order.

11. If, at any time, counsel for any party claims that the producing party or its counsel has unreasonably designated certain information as "Confidential" or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, counsel for the receiving party shall request a written release of confidential treatment, and if such written release is not forthcoming in five (5) business days, the receiving party may make a

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1. motion to the Court. The information shall continue to be treated as "Confidential Information" under this Order until the Court rules otherwise.

12. Receiving counsel may retain copies of the pleadings, deposition transcripts, and exhibits and may retain documents, things, copies, and samples to the extent they include or reflect the receiving attorney's work product. Unless agreed otherwise by counsel, all other CONFIDENTIAL material produced by a party, and all copies, shall be returned to the producing party or counsel of record for the receiving party shall certify in writing that such material has been destroyed within 90 days after resolution of the Action.

13. The provisions of this Protective order shall not be construed as preventing:

   a. Any use or disclosure of "Confidential" information by the producing party; or

   b. Any use or disclosure of information that a receiving party has obtained lawfully from a source other than the producing party, even if the producing party has produced the same information and designated it as "Confidential" pursuant to this Protective Order.

14. The provisions of this Protective Order may be modified by order of this Court.

15. This Protective Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other privilege or protection provided under the law.

16. The provisions of this Order shall be available for application to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information.

STIPULATED PROTECTIVE ORDER - CV05-1045 JLR
34001-429\215785.DOC
-5-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

17. This Order shall remain in full force and effect and survive the termination of this Action, including any appeal, unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

SO ORDERED this 22nd day of March, 2006.

HONORABLE JOHN C. COUGHENOUR

Presented by:

STOKES LAWRENCE, P.S.

By: _____
Scott A.W. Johnson (WSBA #15543)
Karolyn A. Hicks (WSBA #30418)
Attorneys for Defendant

Approved as to form;
Notice of Presentment Waived

LANE POWELL PC

By: _____
John S. Devlin, III (WSBA 23988)
John Schochet (WSBA # 35869)
Attorney for Plaintiff

STIPULATED PROTECTIVE ORDER - CV05-1045 JLR
34001-429 \ 215785.DOC
-6-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

17. This Order shall remain in full force and effect and survive the termination of this Action, including any appeal, unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

SO ORDERED this _____ day of _____, 2006.

_____
HONORABLE JOHN C. COUGHENOUR

Presented by:

STOKES LAWRENCE, P.S.

By: _____
Scott A.W. Johnson (WSBA #15543)
Karolyn A. Hicks (WSBA #30418)
Attorneys for Defendant

Approved as to form;
Notice of Presentment Waived

LANE POWELL PC

By: _____
John S. Devlin, III (WSBA 23988)
John Schochet (WSBA # 35869)
Attorney for Plaintiff

STIPULATED PROTECTIVE ORDER - CV05-1045 JLR
Error! Reference source not found.\215755.DOC        -6-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006, I caused the foregoing Stipulated Protective Order to be:

x     electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John S. Devlin, III
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

☐     mailed by first class United States mail, postage prepaid, to the following:

☐     hand delivered to the following:

☐     e-mailed and mailed by first class United States mail, postage prepaid, to the following:

☐     faxed and mailed by first class United States mail, postage prepaid, to the following:

/s/ Scott A.W. Johnson
Scott A.W. Johnson (WSBA #15543)
Attorney for Defendant
Stokes Lawrence, P.S.
800 Fifth Avenue, Suite 4000
Seattle, WA 98104
(206) 626-6000
Fax: (206) 464-1496
scott.johnson@stokeslaw.com

STIPULATED PROTECTIVE ORDER - CV05-1045 JLR
34001-429 \ 215785.DOC
-7-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000