THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRCOM DE MEXICO, S.A. DE C.V., a Mexican corporation, CONTROTITULOS, S.A. DE C.V., a Mexican corporation, and GLOBALCOM, S.A. DE C.V., a Mexican corporation,<br><br>Plaintiff,<br><br>v.<br><br>AT&T WIRELESS SERVICES, INC. (n/k/a NEW CINGULAR WIRELESS SERVICES, INC.),<br><br>Defendant. | No. 2:05-CV-01045-JCC<br><br>**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** |

COME NOW plaintiffs Claircom de Mexico, S.A. de C.V. ("CDM"), and Controtitulos, S.A. de C.V., and Globalcom, S.A. de C.V. (collectively referred to as "the Mexican Shareholders" or "the Mexican Shareholders of CDM"), by and through their attorneys Lane Powell PC, and allege as follows:

**PARTIES**

1. Claircom de Mexico, S.A. DE C.V. ("CDM") is a corporation formed under the laws of Mexico, having its principal place of business in Mexico City, Mexico.

2. Controtitulos, S.A. de C.V. ("Controtitulos") is a corporation formed under the laws of Mexico, having its principal place of business in Celaya, Mexico. Controtitulos is one of the Mexican Shareholders of CDM, as defined by the contract at issue in this case.

**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** - 1
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

3. Globalcom, S.A. de C.V. ("Controtitulos") is a corporation formed under the laws of Mexico, having its principal place of business in Mexico City, Mexico. Globalcom is one of the Mexican Shareholders of CDM, as defined by the contract at issue in this case.

4. Defendant AT&T Wireless Services, Inc. ("AWS"), n/k/a New Cingular Wireless Services, Inc., is a corporation formed under Delaware law, and having its principal place of business in Redmond, Washington. AWS is a citizen of Delaware and Washington. AWS is a successor to McCaw Cellular Communications, Inc., which was acquired by AT&T Corporation in 1994, and subsequently, on or about July 2001, became an independent company. Upon information and belief, AWS acquired or otherwise became the successor in interest to Claircom Communications Group, Inc. ("CCG"), a Delaware corporation. In or about October 2004, AWS was merged into a subsidiary of Cingular Wireless LLC, and changed its name to New Cingular Wireless Services, Inc. ("NCWS").

## JURISDICTION, VENUE, AND GOVERNING LAW

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The defendant is a citizen of the State of Washington and/or the State of Delaware; the plaintiffs are Mexican citizens. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is appropriate in this district under 28 U.S.C. § 1391(a).

7. The parties' contract that is the subject of this litigation specifies "the law of the State of Washington in the United States of America" as the applicable law pursuant to which the subject agreement "shall be governed . . . and construed."

## FACTUAL ALLEGATIONS

8. On October 8, 1992, Claircom de Mexico, S.A. DE C.V. ("CDM") was organized by CCG and a predecessor of Controtítulos under the laws of Mexico for the purpose of operating the Mexican segment of an integrated North American network (the "North American Network") that would provide air-to-ground telecommunications services

**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** - 2
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

for airline passengers through a system operated directly by CCG.  Globalcom later became an additional shareholder of CDM.

9. On October 7, 1993, CDM obtained a license from the Mexican Ministry of Communications and Transport (the *Secretaria de Communicaciones y Transportes* or "SCT") – commonly referred to as an "SCT License" – which authorized CDM to operate the Mexican segment of the North American Network.  Along with CDM's Mexican segment and CCG's United States segment, a Canadian segment – involving a separate Canadian company – allowed CCG to offer air-to-ground telecommunications services to passengers on domestic and international flights all over North America.

10. CCG, CDM, Controtitulos, and Globalcom, entered into an agreement, entitled, "Joint Venture Operation Agreement," dated as of July 14, 1995, to govern the operation of the Mexican segment of the North American Network (the "Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit A.  Controtitulos and Globalcom are defined in the Agreement as the "Mexican Shareholders" of CDM.

11. CCG and/or AWS administered and operated the network from approximately 1995 through approximately 2002.  Thereafter, CCG, which was acquired by AWS, stopped making payments to CDM, Controtitulos, and/or Globalcom in accordance with the Agreement.  Additionally, AWS ceased all communications with and failed to provide financial reports required by the Agreement.

12. In accordance with Sections 5 and 6 of the Agreement, CCG promised to undertake a number of obligations through the date of contractual termination of the Agreement on December 31, 2009, including, but not limited to:  (1) cover CDM's "excess cash requirements" for capital and operating requirements pursuant to approved budgets, (2) deliver audited financial statements ninety (90) days after the end of each fiscal year and forty-five (45) days after the end of each fiscal quarter, and (3) carry out its duties under the ["Joint"] Venture Documents, and . . . cause the persons nominated by [CCG] to act as

**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** - 3
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

officers of CDM, to act in such a manner as shall not cause any material violation of any of the terms and conditions of the SCT License.

13. Pursuant to Section 5(b) of the Agreement, CDM agreed to pay to the Mexican Shareholders of CDM [Controtitulos and Globalcom], a quarterly fee, referred to as the "Network Contribution Fee" ("NCF") based upon the gross revenues of the joint venture; and pursuant to Section 5(e) of the Agreement, CCG and AWS "unconditionally and irrevocably guarantee[d] the payment in full when due of all" NCF payments due from CDM under Section 5(b). The Agreement refers to the obligation to make such payments as "Guaranteed Obligations." According to the Agreement, such obligations are "absolute, unconditional and irrevocable for the full amount of the Guaranteed Obligations, as if [CCG] were the main obligor and not a guarantor . . ." Section 5(e)(i) of the Agreement provides for recovery of costs and expenses, including attorney's fees and expenses, incurred in "enforcing or seeking to enforce this guarantee."

14. In accordance with the terms of the Agreement, CCG and AWS made certain quarterly NCF payments to the Mexican Shareholders of CDM; however, CCG and/or AWS calculated NCF allocations payable to the Mexican Shareholders of CDM for the quarter ending September 2002, but failed to make this payment.

15. CCG's successor-in-interest, AWS, now known as New Cingular Wireless Services, Inc. ("NCWS"), became a "Party in Default" as defined under Section 10(a) of the Agreement for failure to remit to the Mexican Shareholders of CDM the NCF payment for the quarter ending September 2002. Pursuant to this provision of the Agreement, CDM, on behalf of the Mexican Shareholders of CDM, provided a ten-day notice of default to AWS/NCWS. AWS/NCWS failed to cure its default and has failed to respond to the notice.

16. Section 10(b) of the Agreement is a liquidated damages provision in favor of the Mexican Shareholders of CDM, which specifically contemplates the "difficulty of determining the amount of the losses by the Mexican Shareholders that would result from the

**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** - 4
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

default by [CCG/AWS]," and which deems the losses of the Mexican Shareholders of CDM to be a percentage of CCG/AWS' gross revenues during the fiscal quarter or fiscal year ended prior to the occurrence of the default, less fees or commissions paid to airlines, through December 31, 2009, which is the contractual expiration of the term of the Agreement.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17. Plaintiffs reallege and incorporate herein Paragraphs 1 through 16, above, as though fully set forth herein.

18. CCG/AWS, now known as New Cingular Wireless Services, Inc. (referred to hereafter as "NCWS"), breached the terms of the Agreement by, among other things, failing to provide its annual and quarterly financial statements as required by the Agreement. Following CDM's request for such documentation on behalf of the Mexican Shareholders, NCWS provided the following documents: (1) "draft" and "unaudited" Consolidated Balance Sheets for December 31, 1999 through December 31, 2000, (2) Audited Financial Statements for the years ending December 31, 1996 and 1997, (3) Report on Audits of Consolidated Financial Statements for the Years ending December 31, 1996 and 1995, and (4) "Calculation of Network Contribution Fee, SCT License," for the quarters ending March 2000 through September 2002. None of these documents show that NCWS met the Agreement's reporting requirements.

19. Based upon the documents NCWS has provided, NCWS materially breached the Agreement and became a party in default when, among other things, it failed to forward to the Mexican Shareholders of CDM the NCF payment for the quarter ending September 2002, and stopped communicating with CDM and the Mexican Shareholders of CDM, in violation of the terms of the Agreement.

20. Pursuant to Section 10 of the Agreement, CDM provided on behalf of itself and the Mexican Shareholders of CDM a ten-day notice of default to NCWS, since CCG no

**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** - 5
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

longer exists.  NCWS failed to cure its default and failed to respond to the notice.  NCWS has terminated the Agreement through its acts and omissions.

21. In accordance with Section 9 of the Agreement, CCG promised to pay CDM "50% of the Cross-Border Revenues collected by [CCG] within thirty (30) days after the end of each fiscal quarter of [CCG] during which [CCG] shall have collected such Revenues.

22. CDM never received any Cross-Border Revenues ("CBR") from CCG/AWS. Documents produced during this litigation reveal that CCG and/or AWS calculated certain CBR to be paid to CDM.

23. Based upon the documents produced by NCWS, the successor in interest of CCG/AWS, NCWS materially breached the Agreement and became a party in default when, among other things, it failed to forward to CDM the CBR payments due under the Agreement.

24. As a direct and proximate result of NCWS' breaches of the Agreement, and the breaches by NCWS' predecessor in interest, CDM and the Mexican Shareholders have suffered and will continue to suffer harm and damages in amounts to be proven at trial, together with CDM's reasonable attorneys' fees, costs, liquidated damages in accordance with the Agreement, and prejudgment interest.

## SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

25. Plaintiffs reallege and incorporate herein Paragraphs 1 through 24, above, as though fully set forth herein.

26. As a joint venturer along with Plaintiffs under the Agreement, NCWS' successor in interest, CCG/AWS, owed certain fiduciary duties of care and loyalty to Plaintiffs.  As the successor in interest of one of the original contracting parties to the Agreement, NCWS owes certain fiduciary duties of care and loyalty to Plaintiffs.

27. NCWS, and its predecessor in interest, have breached their fiduciary duties to Plaintiffs by failing to deliver to Plaintiffs certain audited financial statements ninety

**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** - 6
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

(90) days after the end of each fiscal year and forty-five (45) days after the end of each fiscal quarter, during the term of the Agreement.

28. NCWS, and its predecessor in interest, have also breached their fiduciary duties to Plaintiffs by jeopardizing the status of the SCT License.

29. NCWS, and its predecessor in interest, have breached their fiduciary duties to CDM by deciding, without consulting CDM, to calculate Cross-Border Revenues, of which 50% were due to CDM, in a manner that minimized the amounts due to CDM.

30. Plaintiffs have been damaged and will continue to be damaged by NCWS' breaches of its fiduciary duties to Plaintiffs in an amount to be proven at trial. Plaintiffs have been damaged and will continue to be damaged by the breaches of these duties by NCWS' predecessor in interest in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For damages, including pre-judgment interest, against NCWS, in amounts to be proven at trial;

2. For liquidated damages as provided by the Agreement;

3. For costs and reasonable attorneys' fees as provided by the Agreement; and

4. For such other and further relief as the Court deems just and equitable.

DATED this 7th day of April, 2006.

LANE POWELL PC

By    s/John S. Devlin
     John S. Devlin III, WSBA No. 23988
     James B. Stoetzer, WSBA No. 06298
Attorneys for Plaintiffs

**SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT** - 7
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

# CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2006, I caused the foregoing **Second Amended Complaint for Breach of Contract** to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott A.W. Johnson
scott.johnson@stokeslaw.com

Karolyn Ann Hicks
kah@stokeslaw.com

☐ mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

☐ hand delivered to the following non-CM/ECF participants:

☐ e-mailed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

☐ faxed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

/s/Leah Burrus
Leah Burrus

SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT - 8
Case No. 2:05-CV-01045-JCC
119990.0001/1281216.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000