HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRCOM DE MEXICO, a Mexican corporation,<br><br>Plaintiff,<br><br>v.<br><br>AT&T WIRELESS SERVICES, INC. (n/k/a NEW CINGULAR WIRELESS SERVICES, INC.),<br><br>Defendant. | Case No.: CV05-1045<br><br>ANSWER TO SECOND AMENDED COMPLAINT |

COMES NOW Defendant New Cingular Wireless Services, Inc. ("NCWS") by and through its attorneys Stokes Lawrence, P.S., and answers Plaintiffs Claircom de Mexico, SA. DE CV's ("CDM"), Controtitulos, S.A. de C.V.'s, and Globalcom, S.A. de C.V.'s ("the Mexican Shareholders") Second Amended Complaint for Breach of Contract as follows:

**I. ANSWER**

1. NCWS admits that CDM is a corporation formed under the laws of Mexico, having its principal place of business in Mexico City, Mexico.

2. NCWS admits Controtitulos is a corporation formed under the laws of Mexico as alleged in paragraph 2. NCWS is without information sufficient to admit or deny whether Controtitulos has its principal place of business in Celaya, Mexico and therefore denies the same.

ANSWER TO SECOND AMENDED COMPLAINT - CV05-1045
34001-429 \ 219684.doc
-1-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

3. NCWS admits that Globalcom is a corporation formed under the laws of Mexico as alleged in paragraph 3. NCWS is without information sufficient to admit or deny whether Globalcom has its principal place of business in Mexico City, Mexico and therefore denies the same.

4. As to paragraph 4 of the Second Amended Complaint, admits NCWS is a corporation formed under Delaware law and that prior to the merger between AWS and a subsidiary of Cingular Wireless LLC, on October 26, 2004, AT&T Wireless Services, Inc.'s ("AWS") principal place of business was in Redmond, Washington. Further Answering, AWS was a citizen of Delaware and Washington. Admits AWS was a successor to McCaw Cellular Communications, Inc., which was acquired by AT&T Corporation in 1994, and subsequently, on July 11, 2001, became an independent company. Admits AWS acquired or otherwise became the successor in interest to Claircom Communications Group, Inc. ("CCG"), a Delaware corporation. Admits on October 26, 2004, AWS was merged into a subsidiary of Cingular Wireless LLC, and changed its name to New Cingular Wireless Services, Inc. ("NCWS"). Further answering, the principal place of business for NCWS is in Atlanta, Georgia. Denies all remaining allegations in paragraph 4 of the Second Amended Complaint.

5. As to paragraph 5 of the Second Amended Complaint, NCWS admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6. As to paragraph 6 of the Second Amended Complaint, NCWS admits that venue is appropriate in this District under 28 USC § 1391(a).

7. As to paragraph 7 of the Second Amended Complaint, NCWS states that the allegations do not require a response because the Agreement speaks for itself. To the extent a response is required, NCWS admits that the Joint Venture Operation Agreement ("Agreement"), dated July 14, 1995, by and between CCG, CDM and the Mexican Shareholders specifies at §12(m) that "the law of the State of Washington in the United States of America" is the applicable law pursuant to which the subject agreement "shall be governed and construed."

8. As to paragraph 8 of the Second Amended Complaint, NCWS admits the allegations.

ANSWER TO SECOND AMENDED COMPLAINT - CV05-1045
34001-429 \ 219684.doc
-2-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

9. As to paragraph 9 of the Second Amended Complaint, NCWS admits the allegations.

10. As to paragraph 10 of the Second Amended Complaint, NCWS responds that the Agreement speaks for itself.

11. As to paragraph 11 of the Second Amended Complaint, NCWS admits that CCG and/or AWS administered and operated the North American Network ("Network") from approximately 1995 through approximately September 2002, and that upon termination of the Network it no longer made payments to CDM or the Mexican Shareholders. NCWS denies the remaining allegations in paragraph 11 of the Second Amended Complaint.

12. As to paragraph 12 of the Second Amended Complaint, NCWS answers that the allegations do not require a response because the Agreement speaks for itself. To the extent a response is required, NCWS denies that Plaintiffs have properly summarized the obligations outlined in the Agreement. NCWS denies the remaining allegations in paragraph 12 of the Second Amended Complaint.

13. As to paragraph 13 of the Second Amended Complaint, NCWS answers that the allegations do not require a response because the Agreement speaks for itself. To the extent a response is required, NCWS denies that Plaintiffs have properly summarized the obligations outlined in the Agreement. NCWS denies the remaining allegations in paragraph 13 of the Second Amended Complaint.

14. As to paragraph 14 of the Second Amended Complaint, NCWS admits that it did not to make the $1,644 NCF payment for the third quarter of 2002.

15. As to paragraph 15 of the Second Amended Complaint, NCWS answers that the allegations do not require a response because the Agreement speaks for itself. Further answering, NCWS admits that on May 6, 2005, CDM provided a ten-day notice of default for failure to pay NCF payments. NCWS denies the remaining allegations in paragraph 15 of the Second Amended Complaint.

16. As to paragraph 16 of the Second Amended Complaint, NCWS answers that the allegations do not require a response because the Agreement speaks for itself. To the extent a

ANSWER TO SECOND AMENDED COMPLAINT - CV05-1045
34001-429 \ 219684.doc
-3-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

response is required, NCWS denies that the Plaintiffs have properly summarized the obligations in the Agreement. NCWS denies the remaining allegations in paragraph 16 of the Second Amended Complaint.

17. As to paragraph 17 of the Second Amended Complaint, NCWS answers that it does not require a response because it asserts no factual allegations. To the extent a response is required, NCWS denies the allegations in paragraph 17.

18. As to paragraph 18 of the Second Amended Complaint, NCWS denies the allegations.

19. As to paragraph 19 of the Second Amended Complaint, NCWS answers that the allegations do not require a response because the Agreement speaks for itself. Further answering paragraph 19, NCWS admits that it did not to make the $1,644 NCF payment for the third quarter of 2002. NCWS denies the remaining allegations in paragraph 19 of the Second Amended Complaint.

20. As to paragraph 20 of the Second Amended Complaint, NCWS answers that the allegations do not require a response because the Agreement speaks for itself. Further answering, NCWS admits that on May 6, 2005, CDM provided a ten-day notice of default for failure to pay NCF payments. NCWS denies the remaining allegations in paragraph 20 of the Second Amended Complaint.

21. As to paragraph 21 of the Second Amended Complaint, NCWS answers that the allegations do not require a response because the Agreement speaks for itself. To the extent a response is required, NCWS denies that Plaintiffs have properly summarized the obligations outlined in the Agreement. NCWS denies the remaining allegations in paragraph 21 of the Second Amended Complaint.

22. As to paragraph 22 of the Second Amended Complaint, NCWS denies the allegations.

23. As to paragraph 23 of the Second Amended Complaint, NCWS denies the allegations.

24. As to paragraph 24 of the Second Amended Complaint, NCWS denies the allegations.

ANSWER TO SECOND AMENDED COMPLAINT - CV05-1045
34001-429 \ 219684.doc
-4-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

25. As to paragraph 25 of the Second Amended Complaint, NCWS answers that it does not require a response because it asserts no factual allegations. To the extent a response is required, NCWS denies the allegations in paragraph 25 of the Second Amended Complaint.

26. As to paragraph 26 of the Second Amended Complaint, NCWS answers that it does not require a response to the extent it asserts legal conclusions and because the Agreement speaks for itself. To the extent a response is required, NCWS denies the allegations in paragraph 26 of the Second Amended Complaint.

27. As to paragraph 27 of the Second Amended Complaint, NCWS answers that it does not require a response to the extent it asserts legal conclusions and because the Agreement speaks for itself. To the extent any further response is required, NCWS denies the allegations in paragraph 27 of the Second Amended Complaint.

28. As to paragraph 28 of the Second Amended Complaint, NCWS answers that it does not require a response to the extent it asserts legal conclusions and because the Agreement speaks for itself. Further answering, NCWS is without sufficient information to admit or deny the factual allegations, to the extent there are any, in paragraph 28 of the Second Amended Complaint and therefore denies the same.

29. As to paragraph 29 of the Second Amended Complaint, NCWS denies the allegations.

30. As to paragraph 30 of the Second Amended Complaint, NCWS denies the allegations.

31. NCWS denies that CDM is entitled to any of the relief it requests in its Prayer for Relief. Further answering, the Agreement speaks for itself as it relates to CDM's entitlement to attorneys' fees and liquidated damages.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

In further answer to CDM's Second Amended Complaint, NCWS asserts the following defenses and affirmative defenses:

1. NCWS did not materially breach the Agreement.
2. The Second Amended Complaint fails to state a claim upon which relief can be granted.

ANSWER TO SECOND AMENDED COMPLAINT - CV05-1045
34001-429\219684.doc
-5-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

3. NCWS owed no fiduciary duties to Plaintiffs.

4. Plaintiffs assumed the risk on all actions they allege to have caused them harm.

5. Plaintiffs' claims fail because of lack of consideration.

6. The liquidated damages provision in the Agreement is limited to the extent it constitutes a penalty and Plaintiffs' damages, if any, are likewise limited.

7. Plaintiffs failed to mitigate their damages, if any.

8. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

9. Plaintiffs agreed and consented to the actions that they allege to have caused them harm.

10. Plaintiffs have waived their claims.

11. Plaintiffs' claims are barred by the doctrine of estoppel.

## III. DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint and asserted defenses and affirmative defenses, NCWS prays for judgment as follows:

1. For judgment in favor of NCWS against Plaintiffs on all claims.

2. For an order dismissing with prejudice all Plaintiffs claims; and

3. For such other relief as the Court may deem just, equitable or proper.

DATED this 26th day of April, 2006.

STOKES LAWRENCE, P.S.

By: /s/ Karolyn A. Hicks
Scott A.W. Johnson (WSBA #15543)
Karolyn A. Hicks (WSBA #30418)
Attorneys for Defendant New Cingular Wireless, Inc.

ANSWER TO SECOND AMENDED COMPLAINT - CV05-1045
34001-429 \ 219684.doc
-6-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

# CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2006, I caused the foregoing *Answer to Second Amended Complaint* to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John S. Devlin III
devlinj@lanepowell.com

James B. Stoetzer
stoetzerj@lanepowell.com

☐ mailed by first class United States mail, postage prepaid, to the following:

☐ hand delivered to the following:

☐ e-mailed and mailed by first class United States mail, postage prepaid, to the following:

☐ faxed and mailed by first class United States mail, postage prepaid, to the following:

/s/ Karolyn A. Hicks
Karolyn A. Hicks (WSBA #30418)
Attorney for Defendant
Stokes Lawrence, P.S.
800 Fifth Avenue, Suite 4000
Seattle, WA 98104
(206) 626-6000
Fax: (206) 464-1496
karolyn.hicks@stokeslaw.com

ANSWER TO SECOND AMENDED COMPLAINT - CV05-1045
-7-
34001-429 \ 219684.doc

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000